UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BARKER and YADIRA ESQUEDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANCORP<br><br>Defendants. | Case No.: 3:15-cv-1641-CAB-WVG<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION**<br><br>[Doc. Nos. 56, 64, 65, 66] |

This matter is before the Court on Plaintiffs' motion for class certification. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. Accordingly, the motion of Defendant U.S. Bancorp ("USB") [Doc. No. 66] for oral argument is denied. As discussed below, Plaintiffs' motion for class certification is denied as well.

### I. Background

USB operates bank branches located within grocery stores in California. Plaintiffs Elizabeth Barker and Yadira Esqueda are former In-Store Branch Managers ("IBMs") at these in-store banking locations. USB classified Plaintiffs and other IBMs as exempt employees, meaning that were not paid overtime. Plaintiffs allege that their exempt classification was improper because they spent more than half of their time performing

non-managerial duties similar to those of a "Universal Banker," which is a non-exempt position.

In the operative first amended complaint ("FAC"), Plaintiffs sought to represent a Rule 23 class consisting of "all persons currently or formerly employed by USB in California as an [IBM] or any other similar position at any time since four years preceding the filing of this complaint." [Doc. No. 20 at ¶ 16A.] The FAC asserts two claims under the federal Fair Labor Standards Act ("FLSA") which are not relevant to this motion, as well as various claims on behalf of the putative Rule 23 class for California labor code violations attributable to USB's alleged misclassification of IBMs as exempt employees. Plaintiffs now move for certification of a Rule 23 class.

**II.     Legal Standard for Class Certification**

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotation marks omitted). "Parties seeking class certification must satisfy each of the four requirements of [Federal Rule of Civil Procedure] 23(a) . . . and at least one of the requirements of Rule 23(b)." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). "Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Amchem Prods, Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (internal quotation marks, brackets, and ellipses omitted). In considering class certification, district courts must engage in "a rigorous analysis" to determine whether "the prerequisites of Rule 23(a) have been satisfied." *Dukes*, 564 U.S. at 350-51 (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

Plaintiffs here contend that in addition to satisfying these four Rule 23(a) requirements, class certification is warranted under Rule 23(b)(3). Rule 23(b)(3) "requires

2

3:15-cv-1641-CAB-WVG

that common questions of law or fact found under Rule 23(a)(2) 'predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1132 (9th Cir. 2016) (quoting Fed. R. Civ. P. 23(b)(3)). "For purposes of [the predominance] analysis, an individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Id.* at 1134 (citing *Tyson Foods v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016)) (internal quotation marks and brackets omitted). "What matters to class certification is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 1133 (quoting *Dukes*, 564 U.S. at 350) (*emphasis* in original; internal ellipses omitted).

### III. Discussion

In their motion, Plaintiffs propose the following class definition, which they claim is a narrower class than the class defined in the FAC:

> All current and former US Bank In-Store Branch Managers who, at any time since July 23, 2011, were: (1) employed in California; (2) classified as exempt from overtime; and (3) for at least one workweek, spending [sic] over 50% of their time performing the same duties as non-exempt In-Store Bankers:
>
> (a) Being accountable for sales and service activities for in-store branch locations;
> (b) Proactively seeking new customers through in-store marketing and in-aisle prospecting;
> (c) Opening accountants;
> (d) Handing [sic] teller transactions;
> (e) Selling/cross-selling bank products and services;
> (f) Resolving complex customer service issues;
> (g) Referring customers to other areas of U.S. Bank as appropriate;
> (h) Converting service opportunities into events;
> (i) Participating with maintaining operational integrity at the branch; and
> (j) Adheres to all regulatory and operating policies and procedures.

Alternatively, Plaintiffs ask the Court to certify the class defined in the FAC.

In this case, Plaintiffs assert the same claims as those asserted in a prior failed putative class action by IBMs against USB. *Spainhower v. U.S. Bank, N.A.*, No. 2:08-CV-00137-JHN-PJWx, 2010 WL 1408105 (C.D. Cal. Mar. 25, 2010). Although Plaintiffs completely ignored *Spainhower* in their opening brief, even they admit in their reply that "the underlying facts . . . are the same." [Doc. No. 63 at 4.] In *Spainhower*, as in this lawsuit, the plaintiffs sought to represent a class of IBMs in connection with claims under the California labor code arising out of USB's misclassification of the IBMs as exempt. However, the court denied class certification for failure to satisfy the predominance requirement of Rule 23(b)(3) because of "the need for many individualized inquiries into how the IBMs *actually* spent their time." *Spainhower*, 2010 WL 1408105, at *4. Nevertheless, Plaintiffs claim that notwithstanding the similarities (if not identicalness) of this case to *Spainhower*, the class they seek to certify eliminates the individualized inquiries identified in *Spainhower*. Plaintiffs misunderstand the law.

Plaintiffs claim that their narrower class warrants a different result, but the problem in *Spainhower* was not that the putative class was too broad; the problem was that to determine which class members had been misclassified could not be answered with common proof. Plaintiffs' purported "narrower" class merely underscores the individualized inquiries that predominate. In this case, like in *Spainhower*, only IBMs who were misclassified would be entitled to recover damages for violation of California labor laws. Also like in *Spainhower*, the determination of whether IBMs were misclassified would require an individualized inquiry into how each IBM actually spent her time at work. Plaintiffs' class definition does not eliminate this individualized inquiry because regardless of whether the class is defined as all California IBMs (as in *Spainhower*), or as California IBMs who spent more than 50% of their time on what Plaintiffs believe to be nonexempt work, the only IBMs who would be entitled to recovery would be ones who actually spent more than 50% of their time on non-exempt work. The individualized inquiries necessary to determine which IBMs have been misclassified are not eliminated by changing the class

definition to include only IBMs who spent more than 50% of their time on what Plaintiffs allege is nonexempt work.

Plaintiffs offer five questions that they argue predominate over any individualized inquiries. "However, class treatment requires more than raising common questions. What matters is 'the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Smith v. Red Robin Int'l*, No. 14cv1432 JAH-BGS, 2017 WL 1198907, at *3 (S.D. Cal. Mar. 31, 2017) (*emphasis* added) (quoting *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 543 (9th Cir. 2013)). Of the five common questions Plaintiffs argue predominate here, the question at the crux of this case—"Whether did [sic] IBMs spent over 50% of their time during a workweek performing tasks deemed nonexempt" [Doc. No. 56-1 at 18]—requires an individualized inquiry into how each IBM spent her time while working for USB. This is not a simple damages determination as Plaintiffs imply, but rather goes to whether the USB is liable for damages arising from misclassification. Even the trial plan Plaintiffs propose in their motion envisions dealing with this question and others through various individualized methods of proof, "including affidavits, administrative mini-proceedings, special master hearings . . . claim forms, etc." [*Id.* at 13.][1]

Plaintiffs' proposed class definition demonstrates that USB's policies affected each IBM differently depending on the IBM's specific working conditions. "When the impact of an employer's policies depends on each individual employee's circumstances, class certification is not appropriate." *Roth v. CHA Hollywood Med. Ctr., L.P.*, No. 2:12-cv-07559-ODW(SHx), 2013 WL 5775129, at *7 (C.D. Cal. Oct. 25, 2013). That IBMs would not be members simply by virtue of being an IBM means that an inquiry into the individual

---

[1] Plaintiffs' proposed plan for dealing with these individualized issues would hardly be efficient or easy to manage. Thus, not only do individualized inquiries predominate, but the proposed class action would not be a superior means of adjudicating the putative class members' claims. *See generally Briseno*, 844 F.3d at 1128 ("Rule 23(b)(3) requires that a class action be 'superior to other available methods for fairly and efficiently adjudicating the controversy,' and it specifically mandates that courts consider 'the likely difficulties in managing a class action.'") (quoting Fed. R. Civ. P. 23(b)(3)(D)).

circumstances of each IBM class member is necessary to determine whether that class member had been misclassified. The declarations Plaintiffs propose that IBMs could make to affirm their membership in the class do not eliminate this individual inquiry. Rather, these declarations would merely be one piece of evidence that would support only the one class member's claims.

That Plaintiffs do not offer any method to determine membership in their "narrower" class using common evidence further highlights how individual inquiries predominate and how a class action would not be superior to other means for adjudicating this dispute. *See* Rule 23(b)(3). "Determination of class membership should not entail detailed individual inquiries. Similarly, class definitions based on the merits of individual members' claims are not sufficiently definite. The inquiry into class membership must not require holding countless hearings resembling 'mini-trials.'" *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014); *see also Martino v. Ecolab, Inc.*, No. 14-CV-04358-PSG, 2016 WL 614477, at *10 (N.D. Cal. Feb. 16, 2016) ("If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 557 (C.D. Cal. 2012) ("[A] class cannot be certified if a plaintiff has not 'establish[ed] an objective way to determine' who is a class member.") (quoting *Williams v. Oberon Media, Inc.*, 468 Fed.Appx. 768, 770 (9th Cir. 2012)).

In sum, with their class definition, Plaintiffs essentially concede that USB's policies did not cause all IBMs to spend more than 50% of their time on nonexempt tasks such that each IBM is a class member merely by virtue of being an IBM. Therefore, the determination of whether an IBM actually spent more than 50% of her time on non-exempt tasks and was misclassified as exempt requires the presentation of evidence that "varies from member to member." *Torres*, 835 F.3d at 1134. These individualized inquiries as to USB's liability to each class member are the same ones identified by the court in *Spainhower* as predominating over any questions that could be determined by common proof. Moreover, the trial plan proposed by Plaintiffs to resolve these individualized

6

3:15-cv-1641-CAB-WVG

inquiries (even if they do not predominate) reveals that a class action is not a superior method for fairly and efficiently adjudicating this controversy. Thus, Plaintiffs have failed to meet their burden under Rule 23(b)(3).[2]

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' motion for class certification is **DENIED**. It is further **ORDERED** that because the Court did not consider USB's sur-reply in arriving at this decision, USB's motion for leave to file a sur-reply [Doc. No. 64] is **DENIED AS MOOT**. Finally, because the evidence that USB moved to strike [Doc. No. 65] would not change the Court's decision on Plaintiffs' motion for class certification, the motion to strike is **DENIED** as well.

It is **SO ORDERED**

Dated: June 16, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] This analysis is equally applicable and the result is identical with respect to the alternative class identified in the FAC, which is substantively identical to the class definition in *Spainhower*. The same individualized inquiries concerning how IBMs actually spent their time at work would predominate over any common questions with respect to that broader class, and a class action would not be a superior method for adjudicating these issues.