JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
SETH M. BURNS (SBN: 313060)
smburns@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone:   (415) 591-1000
Facsimile:    (415) 591-1400

EMILIE C. WOODHEAD (SBN: 240464)
ewoodhead@winston.com
AUDREY SHEN CHUI (SBN: 254510)
achui@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:    (213) 615-1750

Attorneys for Defendant
U.S. BANCORP

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH BARKER and YADIRA ESQUEDA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>U.S. BANCORP, a corporation,<br><br>   Defendant. | **Case No. 3:15-cv-01641-CAB-WVG**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' PAGA REPRESENTATIVE ACTION COUNT AND ALLEGATIONS**<br><br>The Honorable Cathy Ann Bencivengo<br>Courtroom: 4C<br><br>Briefing Schedule Set by Honorable Judge William Gallo [Doc. 83] as follows: Motion on or before November 20, 2017<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# I. INTRODUCTION

Although Plaintiffs' action has several counts under both state and federal law, they all revolve around the same theory – that in-store branch managers were misclassified as exempt from overtime. The Court has denied Rule 23 certification of a California class and has decertified the collective action under the Fair Labor Standards Act. Yet the complaint still asserts a representative action under the California Private Attorney General Act ("PAGA"), which is a procedural statute allowing a private citizen to seek civil penalties based on underlying Labor Code violations and on behalf of "aggrieved employees."

The PAGA representative action here alleges the ***same violations*** of California wage and hour law that the Court has already determined were not suitable for Rule 23 class treatment. The PAGA representative action count and allegations should be dismissed and/or stricken for either one of two reasons.

First, the PAGA representative action cannot proceed because the claims do not meet the Rule 23 requirements.

Second, even if Rule 23 requirements do not apply to PAGA representative actions, the misclassification claims cannot proceed on a representative basis because the well-developed record demonstrates that it would be unmanageable. There are at least 305 California in-store branch managers within PAGA's statute of limitations. Adjudicating the claims would require individualized assessments for each manager on various issues, including how they performed their jobs, the amount of time spent on duties, and the amount of hours worked in any given workweek. In deciding both the Rule 23 motion and the FLSA decertification motion, the Court reviewed evidence from just a few California in-store branch managers, which demonstrated that group treatment of the claims is unfair, inefficient, and unmanageable. Relatedly, Plaintiffs have been unable to identify the scope of the individuals who are "aggrieved." These same issues render PAGA representative treatment inappropriate, and the Court should dismiss and/or strike the PAGA count and allegations.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## II. BACKGROUND

In the operative complaint (First Amended Complaint or "FAC"; Dkt. 20), Plaintiffs pursue the following three class/representative actions under one common theory that U.S. Bank's in-store branch managers were misclassified as exempt from overtime:

1. **A collective action under the Fair Labor Standards Act** ("FLSA"). This asserts claims for unpaid wages and overtime under federal law. (FAC Counts 1 and 2.) Plaintiffs plead the claims on behalf of a nationwide "FLSA Class" defined as "All persons currently or formerly employed by [U.S. Bank] throughout the United States as an In-Store Branch Manager or any other similar position at any time since three years preceding the filing of this complaint." (FAC ¶ 16.A.)

2. **A Rule 23 class action.** This asserts claims for unpaid wages and overtime under California law, including asserting claims under: Labor Code §§ 510 (overtime), 203 (waiting time penalties for failure to provide all wages at termination), 226 (itemized wage statements); the California Wage Orders; and the Unfair Competition Law. (FAC Counts 3 through 6.) Plaintiffs plead the claims on behalf of a "California Class" defined as "All persons currently or formerly employed by [U.S. Bank] in California as an In-Store Branch Manager or any other similar position at any time since four years preceding the filing of this complaint." (FAC ¶ 16.B.)

3. **PAGA representative action.** This asserts the *same alleged violations of California law* as the Rule 23 class action.[1] (FAC Count 7.) Indeed, the PAGA representative action count specifically refers to Labor Code §§ 510, 203, and 226, as well as the California Wage Orders.[2] (FAC ¶ 65.) It also alleges the claims on behalf of the *same "California Class"* as the Rule 23 class action. (FAC Count 7 ["By The

---

[1] The PAGA representative action seeks a different remedy than the Rule 23 class action (i.e., civil penalties) and has a different statute of limitations (i.e., one year).

[2] FAC ¶ 65 refers to Wage Order 5 (applicable to the public housekeeping industry) rather than the Wage Order 4 (applicable to, *inter alia*, professional occupations). Wage Order 4 is the applicable Wage Order here, as pled by Plaintiffs in FAC ¶ 40.

2

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

California Class Against the Bask (*sic*)]; FAC ¶ 68 ["USB is liable to Esqueda,[3] the California Class, and the State . . ."].)[4]

On June 16, 2017, the Court denied Rule 23 certification of a class of California branch managers. (Dkt. 71.) On October 2, 2017, the Court decertified the nationwide FLSA collective action. (Dkt. 79.) In both of these Orders, the Court found that determining whether any one in-store branch manager was misclassified as exempt required individualized inquiries. (*See* Dkt. 71, 6:20-28; Dkt. 79, 8:13-16, 12:5-6.)

Plaintiffs have stated that they still are pursuing the PAGA representative action. (*See* Dkt. 81.) But ***the underlying claims of violation of California wage and hour law are the same as the claims that this Court already found could not be determined on a classwide basis***.[5]

## III. ARGUMENT

### A.    Legal standard

The Court has authority to strike or dismiss Plaintiffs' PAGA representative action count and allegations under either Fed. R. Civ. Proc. 23(d)(1)(D) or Fed. R. Civ. Proc. 12(f). *See Hovsepian v. Apple, Inc.*, 2009 WL 5069144, *2 (N.D. Cal. 2009) (granting employer Apple's motion to strike class claims pursuant to Rule 12(f) and Rule 23(d)(1)(D)); *see also Rix v. Lockheed Martin Corp.*, 2013 WL 9988381, *2 (S.D. Cal. Feb. 15, 2013) (Bencivengo, J.) (granting motion to dismiss PAGA claim).

Rule 23(d)(1)(D) provides that the Court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons

---

[3] Only Plaintiff Esqueda pursues the PAGA claims. This is because PAGA has a one-year statute of limitations and Plaintiff Barker filed the original complaint more than a year after the termination of her employment with U.S. Bank.

[4] Esqueda also states that she "brings this cause on behalf of herself and other current and former employees affected by the labor violations alleged herein" (FAC ¶ 64) and that she seeks penalties on behalf of "other aggrieved employees." (FAC ¶ 66.) But she does not define these groups other than to refer to the "California Class."

[5] Adjudicating the PAGA representative action would also require additional legal and factual analysis by the Court beyond adjudicating the underlying claims, such as (*inter alia*) whether it is just to reduce the maximum statutory penalties based on the facts and circumstances of the case. *See* Cal. Labor Code § 2699(e)(2).

1    and that the action proceed accordingly."

2         Rule 12(f) provides that the Court may strike from any pleading "any

3    redundant, immaterial, impertinent, or scandalous matter." *See also Corrections USA*

4    *v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007) (stating that the court "may make

5    appropriate orders to strike under [12(f)] at any time on its own initiative" and even

6    "consider and grant an untimely motion to strike where it seems proper to do so"). The

7    function of a Rule 12(f) motion to strike is to avoid the expenditure of time and

8    money that must arise from litigating spurious issues by dispensing with those issues

9    prior to trial." *Sydney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993).

10   Matters may also be stricken from a complaint in order to reduce trial complication.

11   *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other*

12   *grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

**B.    Because Rule 23 governs representative actions in federal court, and Plaintiffs cannot meet the Rule 23 requirements, Plaintiffs cannot proceed with a PAGA representative action.**

15        The United States Supreme Court has held that because Rule 23 regulates the

16   procedure of actions in federal courts, it *automatically* applies in all civil actions in

17   district courts. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S.

18   393, 400 (2010) (addressing the interplay between a New York statute limiting the

19   availability of relief under class actions and Rule 23). Unlike the United States

20   Congress, states cannot create exceptions to Rule 23. *Id.* at 400.

21        The California Supreme Court recognizes that PAGA "is simply a procedural

22   statute." *Amalgamated Transit Union, Local 1756, AFL-CIO v. Super. Ct.*, 46 Cal.4th

23   993, 1003 (2009). Specifically, PAGA is a procedural mechanism "by which litigants

24   may recover for absent plaintiffs, akin to a class action." *Fields v. QSP, Inc.*, 2012 WL

25   2049528, *5 (C.D. Cal. June 4, 2012).

26        Rule 23 governs all representative actions in federal court, and therefore it

27   governs PAGA representative actions. *Id.*; *Halliwell v. A-T Sols.*, 983 F. Supp. 2d

28   1179, 1182-84 (S.D. Cal. 2013); *Bowers v. First Student, Inc.*, 2015 WL 1862914, *4

4

1   (C.D. Cal. Apr. 23, 2015). To the extent that PAGA purports to allow a representative

2   action without meeting the requirements of Rule 23, it "contravenes federal procedure

3   requirements." *Ivey v. Apogen Techs., Inc.*, 2011 WL 3515936, *3 (S.D. Cal. Aug. 10,

4   2011).

5            Thus, PAGA representative claims can only proceed where the Rule 23

6   requirements are met – and must be dismissed when those requirements are not.

7   *Halliwell*, 983 F. Supp. 2d at 1183-84; *Ivey*, 2011 WL 3515936, *3; *Fields*, 2012 WL

8   2049528, *5; *see also Thompson v. APM Terminals Pac. Ltd.,* 2010 WL 6309364, *2

9   (N.D. Cal. Aug. 26, 2010) ("[t]o the extent Plaintiff here seeks to bring a

10  representative PAGA action on behalf of other non-party, unnamed aggrieved

11  employees in federal court, such a claim must meet the requirements of Rule 23");

12  *Raphael v. Tesoro Refining and Marketing Co. LLC*, 2015 WL 5680310, *2 (C.D.

13  Cal. Sep. 25, 2015) (after plaintiff failed to meet deadline to move for Rule 23 class

14  certification, he had no standing to represent the interests of third parties in PAGA

15  representative action).

16           U.S. Bank recognizes that the Ninth Circuit has not addressed the issue of

17  whether PAGA representative actions may proceed absent meeting the Rule 23

18  requirements – and also recognizes that district courts are split on this issue. *See*

19  *Halliwell*, 983 F. Supp. 2d at 1182 (collecting cases). But courts in the Southern

20  District of California have most recently adopted the well-reasoned position set forth

21  above that PAGA representative actions must be certified under Rule 23 to proceed.

22  *Id.* at 1183-84; *Ivey* 2011 WL 3515936, *2. Because the claims for misclassification –

23  on which the claims for PAGA penalties rely – do not meet the Rule 23 requirements

24  (Dkt. 71), the Court should therefore dismiss and/or strike the PAGA representative

25  action count and allegations.

26  **C.    The PAGA representative action count and allegations should be dismissed**
        **and/or stricken because they are unmanageable.**

27           Even if the Court determines that the Rule 23 requirements do not apply to

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

5

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    PAGA representative actions, the circumstances of this case demonstrate that

2    Plaintiffs cannot proceed with seeking PAGA penalties (for Labor Code claims based

3    on alleged misclassification of in-store branch managers) on a representative basis.

4    The PAGA count and allegations should therefore be dismissed and/or stricken.

   **1.    Based on the well-developed record, determining the exempt classification of in-store branch managers is individualized, making a PAGA representative action unmanageable and inappropriate.**

7         Where a plaintiff cannot prove Labor Code violations using common proof and

8    numerous individualized assessments are necessary to determine whether any

9    employee has been injured, California district courts have routinely held that a PAGA

10   action is unmanageable. *Amiri v. Cox Commc'ns California, LLC*, 2017 WL 4400463,

11   *5, 8 (C.D. Cal. Sept. 27, 2017); *Raphael v. Tesoro Refining and Marketing Co.*, 2015

12   WL 5680310, *2-3 (C.D. Cal. Sep. 25, 2015); *Amey v. Cinemark USA, Inc.*, 2015 WL

13   2251504, *16 (C.D. Cal. May 13, 2015); *Bowers v. First Student, Inc.*, 2015 WL

14   1862914, *4 (C.D. Cal. Apr. 23, 2015); *Litty v. Merrill Lynch & Co.*, 2014 WL

15   5904904, *3 (C.D. Cal. Nov. 10, 2014); *Ortiz v. CVS Caremark Corp.*, 2014 WL

16   1117614, *4 (N.D. Cal. Mar. 18, 2014).

17        In particular, courts dismiss and/or strike PAGA representative action claims

18   where Rule 23 class certification was previously denied. *Litty*, 2014 WL 5904904, *3

19   (dismissing PAGA representative action claims after denial of class certification

20   because "Plaintiff's PAGA claim is entirely derivative of his state law claims" and

21   "[t]his Court has already determined that Plaintiff's state law claims cannot be

22   adjudicated on a class basis and concluded that 'individualized issues predominate in

23   this action'"); *Ortiz* 2014 WL 1117614, *4-5 (dismissing PAGA representative action

24   claims after denial of class certification because claims would be unmanageable; proof

25   of the claims would require individualized inquiries and could not be done with

26   statistical or survey evidence).

27        Here, the PAGA representative action is entirely derivative of Plaintiffs' state

28   law claims that in-store branch managers were misclassified as exempt from overtime.

6

To proceed with the PAGA representative action, "Plaintiff[s] will have to prove Labor Code violations with respect to each and every individual on whose behalf [they] seek[] to recover civil penalties." *Hibbs-Rines v. Seagate Tech., Inc.*, 2009 WL 513496, *4 (N.D. Cal. Mar. 2, 2009). Based on the well-developed record, individualized assessments are required to adjudicate the claims of at least 305 California in-store branch managers within the one-year PAGA statute of limitations.[6]

In denying Rule 23 class certification of the same state law claims that form the basis of the PAGA representative action, this Court held that "the determination of whether an [in-store branch manager] actually spent more than 50% of her time on non-exempt tasks and was misclassified as exempt ***requires the presentation of evidence that varies from member to member***." (Dkt. 71, 6:22-25 [emphasis added; internal quotations omitted].)

The Court's findings in decertifying the FLSA action are also relevant because the test for determining exempt classification under the FLSA "primary duty" test (while not identical to the California "primary duty" test) also considers how employees actually spend their work time. 29 C.F.R. § 541.700(a). The Court reviewed evidence concerning several California in-store branch managers:

- "The small sampling of teller records Defendant provided to the Court are illustrative of how varied each IBMs day could be, on any given day an IBM could perform teller transactions ranging in number from 0 to over 50." (Dkt. 79, 8:16-9:1.) These were teller records for California in-store branch managers. (Dkt. 74-2, 29-109.)

- "Likewise, LinkedIn profiles of various IBMs reveal a wide range of job duties and responsibilities that are indicative of individualized experiences." (Dkt. 79, 9:1-3.) These were profiles of California in-store branch managers who submitted "fill in the blank" declarations in support of Plaintiffs' motion for Rule 23 class certification. (Dkt. 74-2, 111-158; Dkt. 74-3, 1-17.)

- The seven Opt-In Plaintiffs who were deposed "[a]ll describe their IBM job duties differently, how they worked in different geographical locations, under different supervisors, and are subject to varying work conditions." (Dkt. 79, 9:4-8.) These deponents were all in-store branch managers in California. (Dkt. 74-3, 29-309.)

---

[6] This number is based on an analysis of class data gathered through December 7, 2016, almost a year ago. Since this data was gathered, there have likely been more in-store branch managers hired to the position, so the group is likely larger.

7

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

The Court therefore found that adjudicating Plaintiffs' misclassification claims and U.S. Bank's defenses was individualized. (Dkt. 79, 8:13-15 ["determining each Plaintiff's primary duty requires individualized inquiries and fact-specific analysis in order to establish misclassification"], 11:10-12 ["to rebut Plaintiffs' allegations of misclassification, under either exemption analysis, Defendant will have to introduce evidence that is inherently individualized because determining whether Plaintiffs are exempt is fact specific"].)

In addition to the individualized assessments necessary to determine exempt classification, there are still further individualized assessments as to whether any in-store branch manager worked overtime in any given week and – if so – how much. (*See* Dkt. 79, 11:21-24 ["determining how much, if any, overtime any one Plaintiff worked depends on several individualized facts, including whether they worked over 40 hours per week, the amount of overtime worked, and if their manager knew or should have known of the work"].) In fact, the Court found that the "fill in the blank" declarations of California in-store branch managers that *Plaintiffs themselves submitted* in opposition to decertification (which were the same ones they submitted in support of their motion for Rule 23 certification) (Dkt. 76-1, 57-143) "show[ed] varying numbers of days and hours works per week." (Dkt. 79, 7:18-19.)

In sum, based on the record before the Court, Plaintiffs cannot prove their claims using ***common evidence***. Plaintiffs have not been able to provide evidence of a uniformly enforced policy of improperly classifying in-store branch managers as exempt from overtime. (Dkt. 79, 6:9-12; *see also* Dkt. 6:20-22.) And Plaintiffs already tried to create a "trial plan," but (as the Court found) even that "envisions dealing with this question" – i.e., the question of how in-store branch managers spent their time during a workweek – "and others through various individualized methods of proof." (Dkt. 71, 5:14-15.)

As a result, the Court has already found representative action treatment – whether it is by a Rule 23 class action or an FLSA collective action – is neither a fair

8

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

nor efficient way to adjudicate this controversy. (Dkt. 71 6:28-7:2; Dkt. 79, 12:8-13:2.) Indeed, "proceeding collectively would be '*unmanageable*, chaotic, and counterproductive.'" (Dkt. 79, 12:27-28.)

Because the PAGA representative action pursues the same misclassification claims as the failed Rule 23 action and similar misclassification claims as the failed FLSA collective action, it is unmanageable for the same reasons. The PAGA representative action count and allegations should therefore be dismissed and/or stricken.

### 2. Plaintiffs' inability to identify which employees are "aggrieved" also demonstrates that a PAGA representative action is unmanageable and should not be allowed to proceed.

Plaintiffs have not identified who is an "aggrieved employee" for purposes of the PAGA representative action other than to say that it is the "California Class." (FAC Count 7, ¶ 68.) But there is no California Class because the Court did not certify a Rule 23 class action.

Plaintiffs' failure to identify who is "aggrieved" demonstrates that the PAGA representative action is unmanageable. *See Amey*, 2015 WL 2251504, *16. The PAGA representative action count and allegations should therefore be dismissed and/or stricken. *Id.*; *see also Chie v. Reed Elsevier, Inc.*, 2011 WL 3879495, *4-5 (N.D. Cal. Sep. 11, 2011) (dismissing PAGA representative action claims where plaintiff failed to adequately describe the scope of the aggrieved employees); *Jeske v. Maxim Healthcare Servs., Inc.*, 2012 WL 78242, *13 (E.D. Cal. Jan. 10, 2012) (dismissing PAGA representative action where the complaint "fail[ed] to identify how particular aggrieved employees were subject to particular violations").

Moreover, the record demonstrates that the failure to identify the aggrieved employees cannot be cured. Plaintiffs have proposed "narrower" class definitions twice now in unsuccessful attempts to identify which in-store branch managers may have claims. But Plaintiffs' first attempt failed because they did not offer any method to determine membership in the narrower class. (Dkt. 71, 6:6-7.) And their second

9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  attempt failed because, regardless of the size of the class, there was no evidence of

2  uniformity. (Dkt. 79, 6:1-7:4.) For the same reasons, Plaintiffs have not – and cannot –

3  identify who is an "aggrieved employee" for purposes of the PAGA.

4       The PAGA representative action count and allegations should therefore be

5  dismissed and/or stricken.

6  ## IV. CONCLUSION

7       The Court should dismiss and/or strike the PAGA representative action count

8  and allegations because either: (1) they do not meet the Rule 23 requirements; and/or

9  (2) the facts and circumstances of this case show that proceeding on a representative

10  basis is unmanageable.

11

12  Dated: November 20, 2017     WINSTON & STRAWN LLP

13  By:  s/ Emilie C. Woodhead

14       Attorney for Defendant U.S. Bancorp
     Email: ewoodhead@winston.com