UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BARKER and YADIRA ESQUEDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANCORP<br><br>Defendants. | Case No.: 3:15-cv-1641-CAB-WVG<br><br>**ORDER ON MOTION TO DISMISS PAGA CLAIM**<br><br>[Doc. No. 84] |

This matter is before the Court on Defendant's motion to dismiss or strike the representative action pursuant to California's Private Attorney General Act ("PAGA") that Plaintiff Yadira Esqueda asserted in the operative first amended complaint ("FAC"). Defendant argues for dismissal of the PAGA action because it does not satisfy the class action requirements of Federal Rule of Civil Procedure 23 and because it would be unmanageable. Both of these issues are unsettled in the Ninth Circuit, but the Court need not address them here. Instead, the Court declines to exercise supplemental jurisdiction over the PAGA claims and dismisses them on that ground.

1

## I. Background

Defendant U.S. Bancorp ("USB") operates bank branches located within grocery stores in California. Plaintiffs Elizabeth Barker and Yadira Esqueda are former In-Store Branch Managers ("IBMs") at these in-store banking locations. USB classified Plaintiffs and other IBMs as exempt employees, meaning that were not paid overtime. Plaintiffs allege that their exempt classification was improper because they spent more than half of their time performing non-managerial duties similar to those of a "Universal Banker," which is a non-exempt position.

In the operative first amended complaint ("FAC"), Plaintiffs asserted two claims as a putative collective action under the federal Fair Labor Standards Act ("FLSA") and four claims on behalf of a putative Rule 23 class for California labor code violations attributable to USB's alleged misclassification of IBMs as exempt employees. In addition, in the seventh claim for relief in the FAC, Esqueda (but not Barker) alleged that she is an "aggrieved employee" pursuant to PAGA and brought a PAGA representative action for the same California labor code violations alleged elsewhere in the FAC.

The Court has since denied Plaintiffs' motion for class certification and decertified a collective action under the FLSA. Thus, all that remains of this lawsuit are Plaintiffs' individual claims for FLSA and California labor code violations, and Esqueda's PAGA representative claims. Defendant now moves to dismiss the PAGA representative claims.

## II. Discussion

The FAC asserts three grounds for this Court's subject matter jurisdiction: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the FLSA claims; (2) jurisdiction under 28 U.S.C. § 1332(d) pursuant the Class Action Fairness Act ("CAFA"); and (3) supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Although the FAC's threadbare recitation that the amount in controversy exceeds $5 million is insufficient,

without more, to establish the Court's subject matter jurisdiction under CAFA,[1] for the purposes of this order, the Court assumes that CAFA jurisdiction over the four Rule 23 class claims exists.

CAFA, however, "provides no basis for federal jurisdiction" over a PAGA action. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014). Thus, the only basis for subject matter jurisdiction over the PAGA representative claims based on the allegations in the FAC is supplemental jurisdiction under 28 U.S.C. § 1367. *See generally Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1273 (11th Cir. 2016) (noting that "[s]upplemental jurisdiction does have a role in CAFA cases, but only in those that also have state-law claims that were never subject to CAFA jurisdiction.") (internal quotation marks omitted); *Thompson v. Target Corp.*, No. EDCV1600839JGBMRWX, 2016 WL 4119937, at *12 (C.D. Cal. Aug. 2, 2016) (noting "given that the Court finds it has original jurisdiction over Plaintiff's class claims under CAFA, the Court may exercise supplemental jurisdiction over Plaintiff's PAGA claims.").

Section 1367 provides in pertinent part that: "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even when claims are so related to claims within the original jurisdiction that they form part of the same case or controversy, federal district courts are not always required to entertain them. To that end, the statute expressly provides that district courts may decline to exercise supplemental jurisdiction under any of the following circumstances:

> (1) The claim raises a novel or complex issue of State law;
> (2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) The district court has dismissed all claims over which it has original jurisdiction; or

---

[1] *See Kachi v. Natrol, Inc.*, No. 13cv0412 JM (MDD), 2014 WL 2925057, at *6 (S.D. Cal. Jun. 19, 2014).

      (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). However, "[w]hile discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs*[2] values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*) (citations omitted). A district court is not required to articulate any reasons for dismissing state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998).

      Here, having denied certification of a Rule 23 class or FLSA collective, all that remains aside from the PAGA representative action are Plaintiff's individual FLSA and California labor code claims. It is indisputable that these PAGA representative claims substantially predominate over the named Plaintiffs' individual claims. Indeed, Plaintiffs even concede that the underlying theory for recovery with respect to the PAGA representative claims is identical to the underlying claims for the putative Rule 23 class and FLSA collective. Thus, just as the individualized inquiries as to USB's liability to the employees Esqueda seeks to represent in the PAGA action would predominate over questions common to the putative class and collective, such inquiries would also predominate over Plaintiffs' individual California labor code and FLSA claims, which are all that remain in this case.[3]

---

[2] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

[3] It is also questionable whether Esqueda has Article III standing to assert PAGA claims outside of the Rule 23 class action context. *Compare Taylor v. W. Marine Prods., Inc.*, No. C 13-04916 WHA, 2014 WL 1248162, at *3 (N.D. Cal. Mar. 26, 2014) (granting leave to amend to assert a PAGA claim but holding that if "Rule 23 certification is ultimately denied in this case, the PAGA violations will be limited to those proven for our plaintiffs named herein—unless, somehow, plaintiffs can show they have Article III standing to pursue violations as to others.") *with Varsam v. Lab. Corp. of Am.*, 120 F.Supp. 3d 1173, 1182 (S.D. Cal. 2015) (holding that plaintiffs bringing PAGA representative actions have Article III standing under the theory that PAGA actions are like *qui tam* lawsuits for which plaintiffs have standing under an assignment theory). In declining to exercise supplemental jurisdiction, the Court need not address this standing issue.

### III. Conclusion

In light of the foregoing, the Court declines to exercise supplemental jurisdiction over the PAGA representative claims in the FAC. Accordingly, those claims are **DISMISSED** without prejudice to re-filing in state court. USB's motion is therefore **DENIED AS MOOT**.

It is **SO ORDERED**

Dated: January 9, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge